Linda Carolina BRIMER *v.* STATE of Arkansas

CR 89-237                                         785 S.W.2d 458

Supreme Court of Arkansas
Opinion delivered March 19, 1990

*Donald R. Huffman*, Public Defender, by: *C. J. Hardcastle*, for appellant.

*Steve Clark*, Att'y Gen., by: *John David Harris*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. This is a second appeal of this case. The appellant, Linda Brimer, was employed as a book-keeper by Mary Morgan and her husband, Dr. Benjamin Spock, from 1982 to 1984. During that time appellant misappropriated a large sum of her employers' money; the prosecutor said it was a little over $138,000.00, and she said it was considerably less. She pleaded guilty to theft of property, a Class C felony. On January 12, 1987, the trial court sentenced her to six (6) years in prison, with two (2) years of the sentence suspended provided she made restitution of $135,000, payable over a twelve-year period. The beginning payments were to be $200.00 per month. Appellant

appealed the judgment, but apparently did not make an appeal bond because she served fifteen (15) months in the penitentiary and made $200.00 payments to the clerk of the trial court in January, February, and March of 1988. On April 5, 1988, the $600.00 which she had paid to the county clerk was paid by the clerk to the victims. On March 14, 1988, we reversed and remanded the judgment because (a) the maximum sentence for the Class C felony was ten (10) years and the trial court made the period of restitution run over a twelve (12) year period, and (b) the appellant was not allowed to offer testimony about the amount she owed. *Brimer* v. *State*, 295 Ark. 20, 746 S.W.2d 370 (1988).

By order dated October 24, 1988, the appellant was resentenced to (a) ten (10) years suspended imposition of sentence, (b) $20,000.00 in restitution, payable at the rate of $100.00 per month for one year, $200.00 per month through December 1996, and the balance due before January 1, 1997, and (c) entry of a civil judgment in favor of Benjamin Spock and Mary Morgan in the amount of $83,000.00. In short, aside from the prison term, the resentencing amounted to an order of restitution and a civil judgment totaling $103,000.00 while the original order of restitution had been for $135,000.00. The appellant did not appeal from this second sentence. It became a final judgment.

Over the next six (6) months, the appellant did not make the first six (6) payments of $100.00 due each month under the order of restitution and did not make any payments on the $83,000.00 civil judgment. The prosecutor filed a petition to revoke appellant's suspended imposition of sentence, and Spock and Morgan sought to garnish appellant's wages. The trial court set a hearing on the petition to revoke. Appellant did not file any pleadings in either action.

At the revocation hearing no witnesses were heard. The attorneys agreed no payments had been made under the second order of restitution. The appellant's attorney argued that she was entitled to six (6) months credit for the $600.00 paid under the first, or reversed, order of restitution, and the State's attorney argued that $600.00 was expressly considered in the agreement to reduce the judgments from $135,000.00 to $103,000.00. In its findings the trial court held in accordance with the State's argument, but stated that appellant was legitimately confused

over the matter and refused to revoke the suspension of imposition of sentence. Even though the suspension was not revoked, the appellant appeals claiming she is entitled to the $600.00 credit.

■ Jeopardy has attached on the issue of revocation of sentence for failure to pay the $600.00, and appellant has prevailed on that issue. Thus, she has nothing to appeal on that count. In this appeal, she attempts to appeal only as to lack of a credit on the order of restitution. In doing so, she questions the $20,000.00 restitution contained in the court's earlier order dated October 24, 1988, and now argues, in effect, that she owed only $19,400.00 when the October 24 order was entered. Having failed to appeal from that earlier order, appellant is precluded from challenging the restitution amount in this revocation proceeding.

■ The trial court's oral ruling on the $600.00 is interlocutory in nature. It is not at all a final enforceable order for a definite sum of money. It did not dismiss or end the order of restitution, or conclude either party's rights in the matter. It is not an appealable order under Rule 2 of the Rules of Appellate Procedure.

Appellant next argues the trial court erred in allowing garnishment by the judgment creditors. The matter was not preserved for appeal.

■ As previously set out Spock and Morgan held a civil judgment against appellant in the amount of $83,000.00. They caused a writ of garnishment to issue against appellant's employer on March 2, 1988. The "Notice to Defendant" required by Ark. Code Ann. § 16-110-402(1)(A) (Supp. 1989) may not have been attached to the writ. Appellant did not file any type of pleading asking that the writ be quashed for failure to attach the notice. The garnishee paid $112.25 into the registry of the court. On March 23, 1989, the trial court ordered the money paid over to Spock and Morgan. Twelve (12) days laters, on April 4, appellant's counsel, in a post-trial letter brief about the revocation issue, mentioned for the first time that the proper notice was not attached to the writ. If the trial court was even aware of the argument, he did not rule on it as the writ had been issued and returned, and the proceeds from it ordered paid over to the judgment creditors. Thus, the matter was not preserved for appeal.

Affirmed in part and dismissed in part.

PRICE, J., not participating.