## J.C.S. *v.* STATE of Arkansas

CR 98-1028                                          985 S.W.2d 312

Supreme Court of Arkansas
Opinion delivered February 11, 1999

*David J. Potter*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

RAY THORNTON, Justice. On December 17, 1997, appellant, J.C.S., pleaded *nolo contendere* to two counts of sexual abuse in the first degree involving two minor children. The court sentenced appellant to three years' probation and a one-thousand dollar fine pursuant to the first-offender act, Ark. Code Ann. §§ 16-93-301—16-93-305 (1987 & Supp. 1997) (Act

346 of 1975). An order reflecting the trial court's judgment was entered on December 29, 1997. Appellant now seeks to obtain our review to determine whether this sentence triggered the provisions of the Sex and Child Offender Registration Act of 1997, codified at Ark. Code Ann. §§ 12-12-901—12-12-920 (Supp. 1997) (Sex Offender Act), and required his registration under that Act. We cannot reach the merits of this issue on review, and affirm.

The record does not disclose any effort by appellant to raise this issue during the proceedings in the two trial dockets, Nos. 96-120 and 96-121, or by any posttrial motions following the sentence. Arkansas Rule of Criminal Procedure 33.3 provides in relevant part:

> A person convicted of either a felony or misdemeanor may file a motion for a new trial, a motion in arrest of judgment, or any other application for relief, but all motions or applications must be filed prior to the time fixed to file a notice of appeal. . . . A copy of any such motion shall be served on the representative of the prosecuting party.

The provisions of this procedural rule apply to the circumstances of the sentence in this case. We have determined that a trial court did not err in denying a motion based on an assertion that a prosecuting witness would recant his testimony, when that motion was not reduced to writing and filed as required by this rule. *Newberry v. State*, 262 Ark. 334, 557 S.W.2d 864 (1977). No pleadings were filed in the trial court to challenge the applicability of the Sex Offender Act to the sentence imposed.

Appellant had thirty days from the entry of the sentence on December 29, 1997, to file such a motion, or to file a notice of appeal. Ark. R. Crim. P. 33.3. Appellant failed to file a motion seeking resolution of this question by the trial court, nor did appellant file a notice of appeal until March 24, 1998. The challenge to the trial court's sentence in docket Nos. 96-120 and 96-121 was untimely.

Rather than filing a motion seeking to obtain a ruling on the question whether the sentencing order under Act 346 triggered the applicability of the registration provisions of the Sex Offender

Act, it seems that the appellant may have inquired informally about the applicability of the registration statute. Although the record does not reflect any written pleading seeking a resolution of that question, the trial court sought an advisory opinion from the Attorney General on the matter.

In a letter dated December 29, 1997, and file-marked December 30, 1997, the circuit court requested an opinion from the Attorney General as to whether an individual sentenced to "five years [sic] probation under Act 346 for sexual abuse in the first degree" had to register under the "Sex Offender Act." The trial court wrote that, "His attorney does not think he has to register as a sex offender since Act 346 says there is not a conviction." The letter does not refer to appellant and does not indicate that copies of the letter were sent to appellant's counsel and the prosecuting attorney. There is no indication that the sentence entered on December 29, 1997, was stayed or otherwise modified as a result of an inquiry made by appellant or as a result of the trial court's inquiry addressed to the Attorney General, and no timely appeal was taken from the imposition of such sentence. It is not clear from the record when registration was ordered, but the Attorney General's opinion, which is reflected in the record stated that an individual sentenced under the first-offender act for committing sexual abuse in the first degree must register under the provisions for the Sex and Child Offender Registration Act of 1997. The letter is file-marked March 26, 1998.

On March 24, 1998, appellant filed two documents entitled Notice of Appeal and Designation of Record — one in case number 96-120 and one in case number 96-121. The time for filing a notice of appeal from the December 29, 1997, sentence had expired and the notice of appeal preceded the filing of the Attorney General's opinion. Ark. R. Crim. P. 33.3.

On June 24, 1998, long after the thirty day period for post-trial motions under Ark. R. Crim. P. 33.3, the circuit court signed an order in case Nos. 96-120 and 96-121, stating he had issued a "memo letter" dated February 25, 1998, that expressed his intent to adopt as an order of the court the Attorney General Opinion No. 98-007, but that the letter had not been reduced to a signed

order. The trial court then found that the Attorney General's opinion was the law and that appellant was required to register pursuant to the provisions of the Sex and Child Offender Registration Act of 1997. The trial court added that because he had resolved the issue in an "unsigned memo letter" to the attorneys for the prosecution and appellant, the order should be issued *nunc pro tunc* as of February 25, 1998. The order was entered on July 1, 1998. Appellant filed notices of appeal from this order the same day.

The issues whether the sentence for sexual abuse in the first degree triggered the registration requirements of the Sex Offender Act and whether the Sex Offender Act constituted an *ex post facto* law were not timely raised before the trial court according to the record of the proceeding. We hold that appellant has not preserved his arguments for appeal.

Affirmed.