Ben Olan PIERCE *v.* STATE of Arkansas

CA CR 01-1292                                        86 S.W.3d 1

Court of Appeals of Arkansas
Division IV
Opinion delivered October 2, 2002

*Clint Miller,* Deputy Public Defender, for appellant.

*Mark Pryor,* Att'y Gen., by: *Misty Wilson Borkowski,* Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. In Case No. CR 00-2457, the Pulaski County Circuit Court convicted the appellant, Ben Olan Pierce, of fleeing and sentenced him as an habitual offender to three years' imprisonment in the Arkansas Department of Correction. In addition, the circuit court revoked appellant's probation in Case No. CR 98-3149 and sentenced him to forty-two months' imprisonment in the Arkansas Department of Correction, with eighteen months suspended. The trial court ran these sentences consecutively.

On appeal, appellant challenges (1) the trial court's decision to deny his motion to dismiss the fleeing charge, and (2) the circuit court's jurisdiction to modify his sentence in the probation-revocation hearing. We affirm.

At a bench trial, the circuit court convicted appellant of fleeing, a Class D felony. Ark. Code Ann. § 5-54-125 (Repl. 1997) provides in part:

> (a) If a person knows that his immediate arrest or detention is being attempted by a duly authorized law enforcement officer, it is the lawful duty of such person to refrain from fleeing, either on foot or by means of any vehicle or conveyance.
>
> . . .
>
> (d) Fleeing by means of any vehicle or conveyance shall be considered a Class A misdemeanor.
> (1) Fleeing by means of any vehicle or conveyance shall be considered a Class D felony if, under circumstances manifesting extreme indifference to the value of human life, a person purposely operates the vehicle or conveyance in such a manner that creates a substantial danger of death or serious physical injury to another person or persons.

Appellant argues that the trial court erred by denying his motions for dismissal because the State did not sufficiently prove that he drove his automobile in a manner that created a substantial danger of death or serious physical injury to another person.

The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Weeks v. State*, 64 Ark. App. 1, 977 S.W.2d 241 (1998). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* In determining the sufficiency of the evidence, we review the proof in the light most favorable to the appellee, considering only that evidence which tends to support the verdict. *Brown v. State*, 309 Ark. 503, 832 S.W.2d 477 (1992).

At trial, Officer Plunkett testified that on March 24, 2000, he activated his patrol-car siren when he observed appellant's car and another vehicle almost collide at an intersection controlled by a yield sign. When the officer activated his siren, appellant drove his green Ford Thunderbird through the intersection and turned west onto 36th Street in Little Rock. He cut off three vehicles, and again almost caused a collision. Appellant then drove on the wrong side of the road in a no-passing zone, passing cars that were

traveling west on 36th Street. At the intersection of 36th and Whitfield Streets, Officer Plunkett drove behind appellant and activated his blue lights. Appellant accelerated down the wrong side of the road over a "blind" hill between Catherine and Potter Streets. Appellant then turned north on Tatum Street and drove through the stop signs at 32nd and 33rd Streets without slowing or attempting to stop. Appellant next turned east onto 29th Street but lost control of the vehicle as he tried to turn south onto Boyd Street. Appellant's vehicle slid into a chain-link fence and toys in front of 2901 Boyd Street, where he was apprehended.

Officer Plunkett testified that appellant drove up to sixty miles per hour in a twenty-five-mile-per-hour speed zone. This chase occurred at 3:49 p.m., and a significant amount of traffic was present. Several motorists had to take evasive action to avoid colliding with appellant's vehicle.

Appellant admits that his conduct created "some danger of death or serious physical injury," but argues that it did "not create a substantial danger of death or serious physical injury to others unless [his] conduct actually cause[d] a collision." We disagree. In *Weeks, supra*, we held that Weeks' driving endangered the safety of the passengers of the cars that were forced off the road and of people in a convenience-store parking lot. Although Weeks never hit anyone or anything, Weeks still operated his vehicle in a manner that created a substantial danger of death or serious physical injury to others.

In the case at bar, there was testimony that appellant ran a yield sign, narrowly escaped a collision, passed cars in a no-passing zone, drove on the wrong side of the street over a "blind" hill, ran two stop signs, lost control of his car when attempting to negotiate another turn, and as a result, slid into a chain-link fence and toys. We believe that this constitutes sufficient evidence to support appellant's conviction for fleeing because he purposely operated his vehicle in a manner that created a substantial danger of death or serious physical injury to others, and he did so under circumstances manifesting an extreme indifference to the value of human life.

For appellant's second point on appeal, he claims that the trial court lacked jurisdiction to revoke his probation in Case No. CR 98-3149. In that case, on November 13, 1998, appellant appeared in the Pulaski County Circuit Court and entered a guilty plea to a felony charge of possession of a controlled substance with intent to deliver. In the amended information that the State filed against appellant, the State alleged that appellant had committed the offense of possession of cocaine with intent to deliver on or about July 13, 1998. On December 2, 1998, the circuit court entered a judgment and disposition order against appellant, ordered appellant to enter a drug rehabilitation program, placed appellant on five years' probation, and fined appellant $500.

On July 18, 2000, the State filed a petition to revoke appellant's probation. The State listed as the basis for the revocation appellant's commission of the offense of fleeing on March 24, 2000. Appellant was to stand trial for this offense in Case No. CR 00-2457. On June 25, 2001, immediately following appellant's trial in Case No. CR 00-2457, a hearing was held in connection with the State's probation-revocation petition. To prove that appellant had violated the conditions of his probation, the State introduced into evidence the testimony of Officer Jeffrey Plunkett. Officer Plunkett's testimony, which was essentially the same as the testimony he presented in Case No. CR 00-2457, established that on March 24, 2000, appellant had committed the offense of fleeing. In addition, appellant's probation officer testified that appellant had violated the condition of probation that he regularly report to her. On the basis of this testimony, the circuit court granted the State's probation-revocation petition.

On July 17, 2001, a sentencing hearing was held for both cases. In Case No.CR 00-2457, the circuit court sentenced appellant as an habitual offender to three years' imprisonment in the Arkansas Department of Correction. In Case No. CR 98-3149, the trial court sentenced appellant to forty-two months' imprisonment in the Arkansas Department of Correction, with eighteen months suspended. The circuit court ran these two sentences of imprisonment consecutively. On August 10, 2001, the circuit court entered the judgment and commitment orders in each case.

Whether a court has jurisdiction to modify or amend an original sentence once a valid sentence is put into execution depends upon whether the case is controlled by Act 1569 of 1999, which became effective on April 15, 1999. Act 1569 gave circuit courts the authority to modify original sentences following revocation hearings. *See Bagwell v. State*, 346 Ark. 18, 53 S.W.3d 520 (2001). However, *Bagwell* also holds that Act 1569 is not retroactive. If Act 1569 was not in effect at the time a crime was committed, then the trial court lacks jurisdiction to modify or amend an original sentence once a valid sentence is put into execution. *Bagwell, supra.*

In this instance, however, we need not look to Act 1569 to determine whether the circuit court had jurisdiction over this matter because the circuit court did not amend or modify appellant's sentence. Rather, the trial court revoked appellant's probation. Here, as a consequence of appellant's guilty plea in Case No. CR 98-3149, the circuit court entered a judgment and disposition order against appellant that placed him on probation for five years and fined him $500. On December 2, 1998, when the judgment and disposition order was entered against appellant, his sentence was placed into execution. *See Jones v. State*, 297 Ark. 485, 763 S.W.2d 81 (1989). The imposition of probation and a fine is a valid sentence. *McGhee v. State*, 334 Ark. 543, 975 S.W.2d 834 (1998). After appellant's sentence of probation and a fine was put into execution, the trial court lost jurisdiction to modify the sentence. *See McGhee, supra.*

However, the circuit court did not lose jurisdiction to revoke appellant's probation. *McGhee, supra,* and *Harmon v. State*, 317 Ark. 47, 876 S.W.2d 240 (1994), do not hold, as appellant suggests, that a probated sentence which includes a fine cannot be revoked. Appellant cites no case, and we find none, that stands for such a proposition. Therefore, we hold that the circuit court did not lose jurisdiction to revoke appellant's probation.

Affirmed.

STROUD, C.J., and BAKER, J., agree.