Joshua CLIMER *v*. STATE of Arkansas

CA CR 02-392                                    95 S.W.3d 11

Court of Appeals of Arkansas
Division IV
Opinion delivered January 15, 2003

*William M. Pearson*, for appellant.

One brief only.

JOHN F. STROUD, JR., Chief Judge. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on the ground that this appeal is wholly without merit. The motion was accompanied by a brief purportedly discussing all matters in the record that might arguably support an appeal, including the adverse rulings, and a statement as to why counsel considers each point raised as incapable of supporting a meritorious appeal. Appellant was provided with a copy of his counsel's brief and notified of his right to file a list of points on appeal within thirty days. Appellant filed no points. Appellant's counsel asserts that there were no adverse rulings by the trial court beyond the disposition of the case.

On March 30, 2000, appellant, Joshua Climer, entered a guilty plea to the offense of second-degree forgery, which is a Class C felony, and to the offense of theft of property, which is a Class A misdemeanor. According to the April 4, 2000 judgment and disposition order, the date that these offenses were committed was December 29, 1998. The trial court placed appellant on probation for a period of sixty months and imposed several conditions, including that he pay restitution of $1,211.83, pay a fine of $1,000 and costs of $150, report to his probation officer and pay fees, abstain from the use of controlled substances, and perform forty hours of community service. On August 8, 2001, the State filed a petition to revoke, alleging that appellant had failed to comply with several of the conditions of his probation. Following a hearing on the petition to revoke, the trial court concluded that appellant had violated several of the conditions of his probation, including the use of a controlled substance without a prescription. In a judgment entered on January 23, 2002, the trial court did not revoke appellant's probation, but added as a condition of his probation that he serve 120 days in a regional punishment facility.

As noted by appellant's counsel, the trial court's authority for disposing of the petition to revoke in the manner that it did lies in

Arkansas Code Annotated section 5-4-304(c) and (d)(1) (Supp. 2001), which provides:

> (c) Following a revocation hearing held pursuant to § 5-4-310 and wherein a finding of guilt has been made or the defendant has entered a plea of guilty or nolo contendere, the court may add a period of confinement to be served during the period of suspension of imposition of sentence or period of probation, if no period of confinement was included in the original order placing the defendant on suspended imposition of sentence or probation.
>
> (d)(1) The period actually spent in confinement pursuant to this section shall not exceed one hundred twenty (120) days in the case of a felony or thirty (30) days in the case of a misdemeanor.

■ However, the problem with his reliance upon subsection (c), which authorizes the additional period of confinement, is that it was part of Act 1569 of 1999. In *Bagwell v. State*, 346 Ark. 18, 53 S.W.3d 520 (2001), our supreme court held that because Act 1569 of 1999 was not in effect at the time the crime was committed, its provisions could not be invoked by the State. Here, the April 4, 2000 judgment and disposition order provides that the date the underlying offenses were committed was December 29, 1998, which was before the April 15, 1999 effective date of Act 1569. Consequently, in accordance with *Bagwell*, the amended statutes are not applicable to appellant's situation; rather, *Harmon v. State*, 317 Ark. 47, 876 S.W.2d 240 (1994), and its progeny govern.

■ In *Harmon*, our supreme court explained that a plea of guilty, coupled with a fine and a suspension of imposition of sentence of imprisonment, constitutes a conviction. The court further explained that a sentence by a circuit court to pay a fine is put into execution when the judgment of conviction is entered and that a court thereafter loses jurisdiction to modify or amend the original sentence. A trial court's loss of jurisdiction over a defendant is always open, cannot be waived, and may be raised by an appellate court on its own motion. *Harmon v. State, supra.*

■ Since the original disposition of the underlying offenses in the instant case included, in addition to the probation, a fine of $1,000 that was not suspended, the circuit court was thereby deprived of jurisdiction to amend or modify the sentence after it was placed into execution.[1] We therefore reverse and dismiss.

Reversed and dismissed.

NEAL and BAKER, JJ., agree.

---

[1] The trial court could have revoked appellant's probation and imposed a sentence. *See, e.g., Pierce v. State*, 79 Ark. App. 263, 86 S.W.3d 1 (2002). However, that was not the action taken here.