Leo TIMMONS *v.* STATE of Arkansas

CA CR 02-657                                         100 S.W.3d 52

Court of Appeals of Arkansas
Division II
Opinion delivered March 12, 2003

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender , for appellant.

*Mark Pryor*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. This appeal arose from revocation of a probation and a subsequent sentencing in Pulaski County Circuit Court. Leo Timmons argues that the trial court lacked jurisdiction to hold a revocation hearing and to sentence him because in a previous judgment and disposition order the same court had imposed a sentence, probation, and a fine, which had been put into execution. Alternatively, appellant argues that the trial court sentenced him illegally when, after granting the State's amended probation revocation petition, it sentenced him to eight years' imprisonment, two of which are in excess of the maximum punishment available for the crime to which appellant had pleaded guilty. We affirm on the first point and dismiss the second point because appellant's appeal is untimely. In doing so, we urge counsel to ensure that oral sentencing terms be reflected in the judgment and commitment orders entered by trial courts.

On November 24, 1998, the State charged appellant with three felony offenses, all relating to an incident on July 12, 1998. In relevant part, the State alleged that appellant was a felon in possession of a firearm. The State also alleged that appellant had previously been convicted of a prior violent felony and that he was a habitual offender with four or more prior felony convictions.

On March 15, 1999, appellant pleaded guilty to one count of being a felon in possession of a firearm — as he now claims on appeal, at the Class D felony level. The State subsequently moved to dismiss the other two criminal charges — terroristic threatening and third-degree domestic battery — as well as the allegations that appellant had a prior, violent felony conviction and that he was a habitual offender, for the purpose of foregoing potential sentence enhancement. The trial court never explicitly stated that it accepted appellant's "Class D" felon in possession of a firearm guilty plea, but made the following remarks to appellant at the guilty-plea proceeding: "Are you aware I can send you to the penitentiary for up to six years and fine you $10,000?" Also, the trial court concluded the proceeding with this announcement: "All right, it will be the judgment and sentence of the Court that you serve a term of four years on probation, pay a fine of $50 and court costs." On March 26, 1999, the trial court filed a judgment and disposition order reciting that appellant had pled guilty to the Class B felony of being a felon in possession of a firearm.

On August 8, 2001, the State filed a petition against appellant requesting revocation of his probation. The State asserted that appellant violated a condition of his probation in that he had used alcohol or illegal drugs, "as evidenced by testing positive to THC on March 30, 2001, June 13, 2001, and July 12, 2001." On August 22, 2001, the State amended its petition, alleging as an additional ground for revocation of probation that appellant committed the offense of first-degree sexual abuse on July 18, 2000.

On February 25, 2002, the trial court held a hearing concerning the amended petition to revoke probation. Appellant concedes in his brief that at that hearing the State proved he had notice of the conditions of probation and that he had violated at least one condition. At the same hearing, the State also noted to the trial court that the "offense that [appellant] was convicted of was a D felony[,] so the range would be five to ten." The trial court revoked appellant's probation and subsequently sentenced him to eight years' imprisonment. On March 1, 2002, the clerk of the court filed a judgment and commitment order against appellant. That order reflected that appellant was to serve an eight-year sentence on a Class B felony. This appeal followed that order.

*Jurisdiction to Revoke Probation*

For his first argument, appellant asserts that the trial court lacked jurisdiction to hold a revocation hearing and sentence him because in a previous judgment and disposition order, the same court imposed a sentence, probation, and a fine, which had been put into execution. Appellant argues that because the judgment and disposition order had been put into execution, the trial court lacked jurisdiction to modify his sentence, pursuant to *McGhee v. State*, 334 Ark. 543, 975 S.W.2d 834 (1998). Appellant further argues that Act 1569 of 1999 — which supersedes the holding in *McGhee* concerning a ·trial court's jurisdiction to modify a sentence — does not apply to his case because he committed the offense underlying this probation revocation in July 1998. Act 1569 of 1999 did not become effective until April 15, 1999. Furthermore, Act 1569 is not applied retroactively. *See Bagwell v. State*, 346 Ark. 18, 53 S.W.3d 520 (2001).

■ However, in a recent opinion our court addressed this argument. *Pierce v. State*, 79 Ark. App. 263, 86 S.W.3d 1 (2002). In that case, the appellant challenged the jurisdiction of the trial court to revoke his probation and sentence him to prison terms. *Id.* The trial court imposed probation as well as a fine on the appellant. *Id.* We held that the filing of the judgment and disposition order constituted a valid execution of the appellant's sentence. *Id.* We recognized that the trial court did not have jurisdiction to modify the sentence and that Act 1569 does not apply retroactively, but we held that the trial court did not lose jurisdiction to revoke Pierce's probation. *Id.* We specifically rejected the argument that *McGhee* or other cases held that a probated sentence which includes a fine cannot be revoked. *Id.*

■ In the present case, the fact pattern and legal argument are practically identical with the *Pierce* case. Appellant received a probated sentence, including a fine, and the trial court subsequently revoked the probation. The trial court did not purport to modify or change the sentence in question. We hold that the trial court properly acted within the scope of its jurisdiction.

*Illegal Sentence*

For his second point, appellant argues that the trial court sentenced him illegally when, after granting the State's amended probation revocation petition, it sentenced him to eight years' imprisonment, two of which exceed the maximum punishment available for the crime to which appellant had pleaded guilty.

■ ■ In response, the State correctly argues that appellant's appeal is untimely. The timely filing of a notice of appeal is a jurisdictional requirement. *See Cannon v. State,* 58 Ark. App. 182, 947 S.W.2d 409 (1997). In his notice of appeal, appellant referred to the judgment and commitment order filed on March 1, 2002, that reflected his being sentenced to an eight-year sentence on a Class B felony. Appellant never appealed to this court from his March 1999 order, and thus did not comply with the thirty-day time frame within which to raise an appeal under Ark. R. App. P.—Crim. 2(a)(1) (2002). Nor did appellant ever file a post-trial motion challenging the classification of the felony in the judgment and disposition order. *See J. C. S. v. State,* 336 Ark. 364, 985 S.W.2d 312 (1997) (finding challenge to sentence barred when no notice of appeal or posttrial motion was made raising or preserving challenge); *Brimer v. State,* 301 Ark. 540, 785 S.W.2d 458 (1990) (finding that failure to appeal earlier order precluded challenging restitution amount in later revocation proceeding). We therefore hold that appellant failed to file a timely appeal to preserve the issue for our consideration.

■ It is correct that the question of a void or illegal sentence is an issue of subject-matter jurisdiction that cannot be waived by the parties and may be addressed for the first time on appeal. *Thomas v. State,* 349 Ark. 447, 79 S.W.3d 347 (2002). However, for *Thomas v. State* to apply, the sentence in question must have been illegal. *Id.* An illegal sentence is one that is illegal on its face. *Delph v. State,* 300 Ark. 492, 780 S.W.2d 527 (1989). In order to construe judgments, we look for the intention of the court, which is derived from the judgment and the record. *Braniucci v. State,* 76 Ark. App. 8, 62 S.W.3d 10 (2001). Inconsistencies between the judgments entered and the record of the proceeding are resolved in favor of the trial record. *See McCuen v. State,* 338 Ark. 631, 999 S.W.2d 682 (1999) (finding upon review of the trial record that a clerical error could be corrected by the

trial court where the initial judgment and commitment order only reflected a prison sentence and not a fine, even though the trial record reflected a sentence of a prison term and a fine); *see also Carmichael v. State*, 296 Ark. 479, 757 S.W.2d 944 (1988) (holding that when there is a conflict between the trial judge's oral pronouncement of sentence and the recitation on the face of the judgment, the oral pronouncement of sentence governs).

During the proceeding in the present case, the trial judge informed appellant that he could be sentenced to up to six years in prison. The six-year maximum applies to the Class D felony level of felon in possession of a firearm, pursuant to Ark. Code Ann. § 5-4-401(a)(5) (Repl. 1997). Appellant argues that had the trial judge intended to sentence appellant to a Class B felony level of the same offense, the judge would have told him that he could sentence him for up to twenty years, pursuant to Ark. Code Ann. § 5-4-401(a)(3) (Repl. 1997).

■ Specifically, however, for a conviction of felon in possession of a firearm, two elements must be proved: possession or ownership of a firearm and prior conviction of a felony. *Ferrell v. State*, 305 Ark. 511, 810 S.W.2d 29 (1991). To prove prior conviction of a felony, the State merely must show a docket sheet as evidence of appellant's prior conviction. *See Ussery v. State*, 308 Ark. 67, 822 S.W.2d 848 (1992). A defendant is guilty of a Class B felony if he has been convicted of a violent felony. Ark. Code Ann. § 5-73-103(c)(1) (Repl. 1997). A defendant is guilty of a Class D felony only if the prior felony was for a nonviolent offense and the possession of the firearm did not involve the commission of another crime. Ark. Code Ann. § 5-73-103(c)(2) (Repl. 1997).

■ ■ In the present case, the State presented to the trial court that appellant's prior felony conviction was for aggravated robbery, thus falling under the scope of a violent offense, and that appellant's possession of the firearm involved the commission of another crime, namely third-degree domestic battery. As such, the State ostensibly met its burden of proof for a conviction of felon in possession of a firearm, Class B level. Because appellant's conviction on the Class B level is not illegal on its face, we hold that the trial court did not impose an illegal sentence upon him when resentencing him after his probation revocation — notwith-

standing any possible confusion of the trial court's intent concerning which felony level of felon in possession of a firearm applies. Therefore, *Thomas v. State, supra,* does not apply to appellant's situation. The appeal is untimely as to this point.

Oddly, counsel for defendants in criminal cases often do not receive judgment orders, unlike in civil cases where judgments are routinely sent, a few days after they are entered. The decision in this case demonstrates why it is important for defense counsel to obtain a copy of the judgment and commitment orders affecting their clients and verify that the orders reflect the sentence pronounced by the trial court.

Affirmed.

ROBBINS and BIRD, JJ., agree.