Mary HIANG and Conzuella Terrell *v.* STATE of Arkansas

CA CR 04-74                                         202 S.W.3d 550

Court of Appeals of Arkansas
Opinion delivered February 9, 2005

*Gregory E. Bryant*, for appellants.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge. Appellants Mary Hiang and Conzuella Terrell, along with their cohort Marlon Bates, were stopped for a traffic violation on or around February 4, 2002. Upon searching their vehicle, police officers found twelve pounds of cocaine in the gas tank. Appellants and Bates were charged with possession of cocaine with intent to deliver, a Class Y felony. They retained attorney Daniel Shue in Fort Smith to represent them, and on March 6, 2002, they entered not-guilty pleas. Prior to a jury trial, appellants and Bates entered negotiated pleas of guilty to reduced charges of conspiracy to possess cocaine with intent to deliver, a Class A felony. On December 20, 2002, the Crawford County Circuit Court entered judgment and commitment orders sentencing appellants to serve twenty years' imprisonment with an additional ten years' suspended imposition of sentence. On January 15, 2003, pursuant to Ark. R. Crim. P. 33.3, appellants moved to set aside their guilty pleas, alleging that there was a conflict of interest because their counsel had represented all three defendants and that they entered their guilty pleas while under duress. A hearing was held on April 2, 2003, and on September 9, 2003, the trial court entered an order denying the motions to set aside, specifically finding that a conflict of interest did not exist and that misrepresentation by counsel did not occur. On October 7, 2003, appellants filed an amended notice of appeal from the trial court's September 9, 2003 order. The State contends that this court lacks subject-matter jurisdiction to hear appellants' appeal because their notice of appeal was untimely filed. We agree that appellants' appeal must be dismissed.

■ The timely filing of a notice of appeal is a jurisdictional requirement. *Timmons v. State*, 81 Ark. App. 219, 100 S.W.3d 52 (2003). Arkansas Rule of Appellate Procedure–Criminal 2(a) provides in pertinent part that the time for filing a notice of appeal is within thirty days from the date of entry of an order denying a post-trial motion under Ark. R. Crim. P. 33.3 or the date a post-trial motion under Rule 33.3 is deemed denied. The rule further provides:

> Upon timely filing in the trial court of a post trial motion, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty days from entry of the order disposing of the last motion outstanding. However, if the trial court neither grants nor denies the motion within thirty days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty days from that date.

Ark. R. App. P.–Crim. 2(b)(1).

■ Appellants' January 15, 2003 post-trial motions to set aside their guilty pleas were deemed denied on February 14, 2003, pursuant to Ark. R. Crim. P. 33.3(c) and Ark. R. App. P.–Crim. 2(b)(1). Consequently, in order to perfect their appeal, appellants had to file their notice of appeal within thirty days from the date their post-trial motions were deemed denied, *i.e.*, February 14, 2003. Regardless of the trial court's subsequent actions, it had lost jurisdiction to act on the post-trial motions once they had been deemed denied. *See State v. Markham*, 359 Ark. 126, 194 S.W.3d 765 (2004). Because appellants' notice of appeal filed on October 7, 2003, was untimely, this court must dismiss their appeal for lack of jurisdiction.

Dismissed.

ROBBINS and NEAL, JJ., agree.