Antonio EPPS *v.* STATE of Arkansas

CA CR 07-218                                    268 S.W.3d 362

Court of Appeals of Arkansas
Opinion delivered November 14, 2007

*William R. Simpson, Jr.,* Public Defender, *Kent C. Krause,* Deputy Public Defender, by: *Clint Miller,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Karen Virginia Wallace,* Ass't Att'y Gen., for appellee.

BRIAN S. MILLER, Judge. Appellant Antonio Epps was convicted in Pulaski County Circuit Court for possessing cocaine with intent to deliver, simultaneously possessing drugs and

firearms, possessing marijuana, second offense, and being a felon in possession of a firearm. Epps contends that, because the State failed to prove that he had a prior drug possession conviction and a prior felony conviction, the trial court erred in denying his motion to dismiss the charge of possession of marijuana, second offense, and the charge of being a felon in possession of a firearm. We affirm Epps's conviction for possessing marijuana, second offense, and we reverse and dismiss his felon in possession of a firearm conviction.

Officers with the Little Rock Police Department stopped Epps's Chevy Suburban on June 16, 2005, and recovered marijuana, cocaine, and a .32 caliber handgun from the vehicle. Epps was charged with possession of cocaine with intent to deliver, simultaneous possession of drugs and firearms, possession of marijuana, second offense, and with being a felon in possession of a firearm.

A bench trial was held on October 2, 2006. At the conclusion of the State's case, Epps moved to dismiss the charges for possessing marijuana, second offense, and for being a felon in possession of a firearm, asserting that the State failed to prove that he had either a prior drug possession conviction or a felony conviction. The trial court denied the motion and Epps introduced no evidence in his case in chief. Epps renewed his motion to dismiss and again it was denied. The court found Epps guilty on all four counts and scheduled a sentencing hearing for November 6, 2006.

At the sentencing hearing, the court reviewed, without objection, a pre-sentencing report that indicated that Epps had a prior conviction for possessing drugs. The court then sentenced Epps to ten years' imprisonment for possessing cocaine with intent to deliver, ten years' imprisonment for simultaneously possessing drugs and firearms, five years' imprisonment for possessing marijuana, second offense, and five years' imprisonment for being a felon in possession of a firearm. The sentences were run concurrently for an aggregated sentence of ten years.

Epps's first argument is that the trial court erred in denying his motion to dismiss the charge of possession of marijuana, second offense. A motion to dismiss in a bench trial is identical to a motion for a directed verdict in a jury trial in that it is a challenge to the sufficiency of the evidence. *Springs v. State*, 368 Ark. 256, 244 S.W.3d 683 (2006). In reviewing a challenge to the sufficiency of the evidence, we will not second-guess credibility determinations

made by the fact-finder. *Stone v. State*, 348 Ark. 661, 74 S.W.3d 591 (2002). Instead, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We affirm the conviction if there is substantial evidence to support it. *Wilson v. State*, 88 Ark. App. 158, 196 S.W.3d 511 (2004). Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other with reasonable certainty, without resorting to speculation or conjecture. *Crutchfield v. State*, 306 Ark. 97, 812 S.W.2d 459 (1991).

Epps argues that a prior drug conviction was a substantive element of the charge against him. Consequently, he asserts that the State was required to prove, during the guilt phase of the trial, that he had a prior conviction for possessing marijuana. The State argues that a prior conviction is not an element of the crime but merely enhances the sentence. It further argues that the pre-sentencing report introduced in the sentencing hearing was sufficient to prove Epps's prior drug conviction.

In *Banks v. State*, 354 Ark. 404, 411, 125 S.W.3d 147, 152 (2003), the Arkansas Supreme Court held that, "even though the prior offense is an element that must be proven, it is an element properly proven during the sentencing phase of a bifurcated proceeding." The court also held that proof of prior convictions must be introduced during the punishment phase of a bifurcated trial to protect a defendant from possible prejudice during the guilt phase. *See id.*

The trial court was correct in permitting the State to introduce proof of Epps's prior convictions during the sentencing phase. During that phase, the State merely introduced the pre-sentence report pursuant to Ark. Code Ann. § 16-97-102(2) (Repl. 2006). We decline, however, to address whether the pre-sentence report was the type of proof necessary to prove a prior conviction, because Epps neither objected to the introduction of the report, nor did he object to the sufficiency of the report to prove a prior drug conviction. He merely argued that the evidence presented in the guilt phase was insufficient to support his conviction. For these reasons, we affirm on this point.

Epps's second argument is that the trial court erred in convicting him of being a felon in the possession of a firearm because the State introduced no evidence showing that he was a felon. We agree. Two elements must be proven to convict a

defendant for being a felon in possession of a firearm. *Timmons v. State*, 81 Ark. App. 219, 100 S.W.3d 52 (2003). First, the State must prove that the defendant owned or possessed a firearm. *Id.* Second, the State must prove that the defendant had a prior felony conviction. *Id.* The State, however, introduced no evidence that Epps had a prior felony conviction. Indeed, the State concedes error on this point. We, therefore, reverse and dismiss Epps's conviction for this charge.

Affirmed in part; reversed and dismissed in part.

MARSHALL and BAKER, JJ., agree.