restitution to State Farm to reflect the correct sum of $15,260.69.

2009 Ark. 597

**Tracy Ann CROSS, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–494.**

Supreme Court of Arkansas.

Dec. 3, 2009.

Dick Jarboe, Walnut Ridge, for appellant.

Dustin McDaniel, Att'y Gen., by: Eileen W. Harrison, Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice.

Appellant Tracy Ann Cross appeals from an order of the Lawrence County Circuit Court revoking her probation and sentencing her to ten years' imprisonment for various drug-related offenses. She asserts that the circuit judge imposed an illegal sentence on her because she was not lawfully on probation at the time of her sentencing. We agree with Cross that the circuit judge imposed an illegal sentence, and we reverse the judgment of conviction and dismiss.

On September 22, 2005, Cross entered a negotiated plea of guilty on five counts of drug-related offenses in the Lawrence County Circuit Court in exchange for twenty-four months' probation and the condition that she complete the drug-court program. As part of the drug-court program, Cross signed a waiver-of-the-right-to-counsel form providing that she would "not be entitled to legal representation at any Drug Court hearing unless and until such time as [her] Probation and participation in the Drug Court is being terminated at a Revocation Hearing."

On September 7, 2007, shortly before the expiration of her twenty-four-month probationary period, the State filed a petition to revoke Cross's probation due to various violations of her probationary conditions. At a hearing on September 13, 2007, at which Cross's court-appointed counsel was present, the State moved to withdraw its revocation petition, citing Cross's progress in battling her methamphetamine addiction in the drug-court program. The circuit judge granted the State's motion to withdraw its petition but ordered that Cross's probationary period be extended by three years. A written order by the circuit judge was entered that same day.

On December 12, 2008, the State filed a second petition to revoke Cross's probation due to failure to meet the conditions. A hearing was held on the petition on February 5, 2009, during which Cross asserted that the circuit judge lacked the authority to extend her probation on September 13, 2007, because she was not represented by counsel at the hearing and because there was no proof that the circuit judge complied with the formalities for obtaining a valid waiver of the right to counsel. She argued that the State's petition to revoke was therefore untimely because her probationary period properly ended after the initial twenty-four-month period in 2007. The circuit judge rejected Cross's arguments and found that she was not entitled to counsel at the September 13, 2007 hearing because it was not a revocation hearing due to the fact that the State had withdrawn its revocation petition. After hearing evidence on the State's petition to revoke, the circuit judge ruled that Cross had violated the conditions of her probation. He revoked her probation and sentenced her to a ten-year term in the Arkansas Department of Correction. A judgment-and-commitment order to that effect was entered on February 19, 2009.

Cross's one issue on appeal is that her sentence is illegal because the circuit judge acted outside his authority in extending her probation by thirty-six months at the September 13, 2007 hearing. She claims that pursuant to Arkansas Code Annotated section 5–4–303(d)(2), a circuit judge may not lengthen a period of probation unless a revocation hearing is held pursuant to Arkansas Code Annotated section 5–4–310 of the Criminal Code and the defendant is found guilty or enters a plea of guilty or nolo contendere at the revocation hearing. Because the circuit judge extended her period of probation without complying with section 5–4–303(d)(2), Cross asserts that the extended probation order is void, that her period of probation ended after the original twenty-four-month period, and that her sentence meted out under the judgment-and-commitment order dated February 19, 2009, is therefore invalid.

The State responds that Cross has waived her right to pursue this issue on appeal because she did not object to the extension of her probation at the September 13, 2007 hearing and "in fact, agreed to it in order to remain in the drug-court program," and because she failed to lodge a timely appeal from the circuit judge's September 13, 2007 order, in which he extended her probation. Alternatively, the State asserts that the circuit judge's extension of Cross's probation was "a valid exercise of judicial authority consistent with the aims of the Arkansas Drug Court Act."

We turn first to the issue of whether Cross's argument regarding an illegal sentence is preserved for review. It is, of course, well settled that an appellant may challenge a void or illegal sentence for the first time on appeal, even if he or she did not raise the argument before the trial court. *E.g., Donaldson v. State,* 370 Ark. 3, 257 S.W.3d 74 (2007). This court has made it clear that we view the issue of a void or illegal sentence as one of subject-matter jurisdiction, which may be reviewed on appeal. *Id.* A sentence is void or illegal when the circuit judge lacks the authority to impose it. *Id.*

In the case at hand, the State contends that Cross is not asserting that the circuit judge lacked the authority to impose her sentence but rather that the circuit judge did not follow proper procedure when he imposed an additional period of probation. We disagree. Cross contends that the circuit judge lacked the authority to impose her sentence because his September 13, 2007 order extending her probation was void and thus her term of probation ended before the circuit judge sentenced her. Supporting her argument is Arkansas Code Annotated section 5–4–309, which confers jurisdiction on the circuit court to revoke a defendant's probation and impose a subsequent sentence. That section provides in pertinent part as follows:

(d) If the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspension or probation, it may revoke the suspension or probation *at any time prior to the expiration of the period of suspension or probation.*

. . . .

(f)(1) (A) If a court revokes a suspension or probation, the court may enter a judgment or conviction and may impose a sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty.

Ark.Code Ann. § 5–4–309(d) & (f)(1)(A) (Repl.2006) (emphasis added).[1]

1. Act 633 of 2009 redesignated Arkansas Code

Annotated section 5–4–309(f)(1)(A) as section

■ Hence, the Criminal Code clearly provides that the circuit court lacks the authority to revoke a defendant's probation and impose sentence after the defendant's period of probation has expired. *Cf. Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003) (concluding that the circuit court lacks the authority to revoke a suspended sentence prior to the commencement of the suspension period under Ark. Code Ann. § 5–4–309). We hold that Cross has challenged the circuit judge's authority to impose her sentence, which brings into play the issue of her illegal sentence. The issue of an illegal sentence, as a result, is properly before this court.

■ The State next challenges the timeliness of Cross's appeal and contends that she had thirty days from the date of the circuit judge's September 13, 2007 order in which to file an appeal challenging the circuit judge's extension of her probation. Because she did not file a timely notice of appeal from the circuit judge's order extending her probation, the State argues that the issue of whether the extension was improper is now foreclosed. In support of |₆its argument that Cross's appeal is untimely, the State cites *Timmons v. State*, 81 Ark.App. 219, 100 S.W.3d 52 (2003), and *Brimer v. State*, 301 Ark. 540, 785 S.W.2d 458 (1990).

We do not agree that those cases control the instant case. In *Timmons v. State*, Timmons was charged with being a felon in possession of a firearm, terroristic threatening, and third-degree domestic battery. In addition, the State alleged that Timmons was a habitual offender with four or more prior felony convictions, at least one of which was a violent felony.

Timmons pled guilty to one count of being a felon in possession of a firearm at what he thought was the Class D felony level, and the State subsequently moved to dismiss Timmons's other charges as well as the allegations that he was a habitual offender with a previous violent felony conviction. Despite Timmons's understanding, after sentencing him to four years' probation and a $50 fine, the circuit judge entered a judgment, which stated that Timmons had pled guilty to the Class B level of felon in possession of a firearm.[2] Over two years later, the circuit judge revoked Timmons's probation and sentenced him to an eight-year term of imprisonment based on the Class B level of felon in possession of a firearm.

Timmons filed a notice of appeal within thirty days of the circuit judge's order sentencing him to prison and claimed, among other things, that the circuit judge had sentenced him illegally to eight years' imprisonment, which exceeded the six-year maximum |₇allowed for the Class D level of felon in possession of a firearm. The court of appeals held that Timmons's challenge to the circuit judge's error was untimely because he had not filed a notice of appeal from the circuit judge's original order, which first reflected that he had pled guilty to the Class B level felony. The court of appeals acknowledged that the question of an illegal sentence could be raised for the first time on appeal but concluded that, even if the circuit judge had erred, Timmons's sentence was not illegal on its face because the State had met its burden of proving a conviction of felon in possession of a firearm at the Class B felony level. Because it concluded

5–4–309(g)(1)(A).

**2.** Under Arkansas Code Annotated section 5–73–103, felon in possession of a firearm is a Class B felony, if the defendant has previously been convicted of a violent crime or the defendant's possession of the firearm involved the commission of another crime; otherwise, possession of a firearm by a felon constitutes a Class D felony.

that Timmons's sentence was not illegal on its face, the court of appeals held that his appeal of the circuit judge's mistake regarding the level of his felony was untimely.

Cross's appeal is not untimely under the facts of *Timmons*. The court of appeals in *Timmons* held that Timmons's sentence was not illegal on its face. Accordingly, the rule allowing an appellant to raise the issue of an illegal sentence for the first time on appeal did not apply to the underlying error Timmons asserted against the circuit judge. We further underscore the fact that in *Donaldson v. State*, 370 Ark. 3, 257 S.W.3d 74 (2007), this court stated that for purposes of appellate review of an illegal sentence, the issue is whether the circuit judge had the authority to impose the sentence and not whether the sentence was illegal on its face or within the prescribed statutory range. This court has, therefore, made it clear that authority to act is the touchstone for determining the legality of a sentence.

Nor does the second case cited by the State, *Brimer v. State*, involve the timeliness of an appeal of an alleged illegal sentence, rather, it concerns the timeliness of an appeal regarding the application of a credit on an order of restitution. In sum, neither case cited by the State mandates the conclusion that Cross's appeal is untimely in this case.

A third case by the court of appeals, however, is more analogous to the facts of this case. In *Sisk v. State*, 81 Ark.App. 276, 101 S.W.3d 248 (2003), Sisk pled nolo contendere to charges of possession of methamphetamine and drug paraphernalia. In March 2001, the circuit judge placed the appellant on probation for one year and at the same time suspended imposition of sentence for five years. Although the circuit judge lacked the authority to impose both probation and a

suspended sentence simultaneously, the appellant did not object or appeal from this judgment. Subsequently, appellant's probation was revoked, and he was sentenced to ten years' imprisonment. He appealed and raised the legality of his March 2001 sentence as a point on appeal based on the simultaneous imposition of probation and suspension. The State countered that the legality of the March 2001 sentence was not preserved for appeal because appellant had never objected to, or filed a notice of appeal from, the March 2001 judgment. The court of appeals disagreed that the argument was not preserved and noted that allegations of a void or illegal sentence constituted an issue of subject-matter jurisdiction, and as such, could not be waived by the parties and could be addressed for the first time on appeal.

The analysis in *Sisk v. State* is appropriate for usage in the case at bar. As already noted, the issue of an illegal sentence may be raised as a matter of subject-matter jurisdiction regardless of the failure to object at trial or to file a notice of appeal from the order in controversy. Thus, the question of the legality of the 2007 extension of probation is properly before this court. There is also the fact that Cross did timely appeal the judgment-and-commitment order sentencing her to ten years' imprisonment, which was entered on February 19, 2009. *See* Ark. R.App. P.-Crim. 2(a)(1).

The next issue is whether the circuit judge indeed did impose an illegal sentence on Cross. We conclude that he did. Prior to the expiration of Cross's twenty-four-month probation period in 2007, the circuit judge extended her probation for thirty-six months. In doing so, the circuit judge failed to comply with the requirements of Arkansas Code Annotated section 5–4–303(d)(2), which provides that

a circuit judge may lengthen a defendant's period of probation "following a revocation hearing held pursuant to section 5–4–310 and in which [the] defendant has been found guilty or has entered a plea of guilty or nolo contendere." Because of this failure, Cross's probationary period ended in 2007, and the circuit judge lacked the authority to revoke an invalid probation in 2008. *See* Ark.Code Ann. § 5–4–309(d).

The question then becomes whether this circuit judge, who was dealing with an offender under the Drug Court Act, is bound by the general sentencing provisions of the Arkansas Criminal Code. We hold that the judge was so bound. The State asserts that drug-court$_{10}$ sanctions are not subject to the same requirements as criminal sanctions. It contends that the Drug Court Act gives the judiciary broad discretion to fashion suitable sanctions for the purpose of providing drug treatment to offenders and that because participation in the drug-court program is voluntary, compliance with the probation statutes of the Criminal Code is not required. The State concludes that the circuit judge in the instant case did not exceed his authority by imposing on Cross an additional period of probation "designed to monitor, and, therefore, treat appellant's proclivity for substance abuse." Again, we disagree with the State.

Sentencing is entirely a matter of statute in Arkansas, and a circuit judge may only impose a sentence authorized by statute. *Harness v. State,* 352 Ark. 335, 101 S.W.3d 235 (2003). A review of the Drug Court Act reveals no provision granting drug-court judges special sentencing authority separate and apart from section 5–4–303(d). Furthermore, this court has recognized that a circuit judge lacks the authority to sentence a defendant otherwise than in accordance with Chapter 4 of the Arkansas Criminal Code. *See, e.g.,*

*Bangs v. State,* 310 Ark. 235, 835 S.W.2d 294 (1992); Ark.Code Ann. § 5–4–104(a).

In addition, this court has made it abundantly clear that "it is for the legislative branch of the state or federal government to determine the kind of conduct that constitutes a crime and the nature and extent of punishment which may be imposed." *Bunch v. State,* 344 Ark. 730, 738, 43 S.W.3d 132, 137 (2001) (citations and quotations omitted). If this court were to take it upon itself to expand the scope of the Drug Court Act to provide special sentencing$_{11}$authority to the circuit judges, it would clearly be legislating, which we will not do. *See State v. Pinell,* 353 Ark. 129, 114 S.W.3d 175 (2003). We hold, accordingly, that the drug-court program under the Drug Court Act is subject to the sentencing provisions of the Arkansas Criminal Code.

Because the circuit judge lacked subject-matter jurisdiction to revoke Cross's probation and sentence her to ten years in prison, we reverse the judgment-and-commitment order and dismiss.

Reversed and dismissed.

IMBER, J., not participating.