Cite as 2019 Ark. 264

# SUPREME COURT OF ARKANSAS

No. CR–18–134

| | | |
|---|---|---|
| | | **Opinion Delivered:** October 10, 2019 |
| JIMMY SCHERRER | APPELLANT | APPEAL FROM THE DESHA COUNTY CIRCUIT COURT [NO. 21ACR-85-36] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE STEVEN R. PORCH, JUDGE |
| | | REVERSED AND REMANDED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Jimmy Lee Scherrer appeals from an order of the circuit court denying his pro se motion to vacate his amended sentencing order entered under the Fair Sentencing of Minors Act of 2017 (FSMA or the "Act").[1] We reverse the circuit court's order and remand for resentencing in accordance with our decision in *Harris v. State*, 2018 Ark. 179, 547 S.W.3d 64.

In 1986, Scherrer was convicted of the capital murder of Debbie Watts. He was sixteen years old at the time of the crime.[2] The State waived the death penalty, and Scherrer received a mandatory sentence of life imprisonment without parole. *See* Ark. Stat. Ann. § 41–1501(3) (Supp. 1985) (stating that capital murder is punishable by death or life

---

[1]*See* Act of Mar. 20, 2017, No. 539, 2017 Ark. Acts 2615.

[2]Scherrer was born on December 4, 1968, and the crime was committed on September 18, 1985.

imprisonment without parole). His conviction and sentence were affirmed on appeal. *Scherrer v. State*, 294 Ark. 287, 742 S.W.2d 884 (1988).

In *Miller v. Alabama*, and the companion case from Arkansas, *Jackson v. Hobbs*, the Supreme Court of the United States held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. 460, 479 (2012). The Court further held that defendants who committed homicide crimes as juveniles and faced a sentence of life without parole were entitled to a sentencing hearing that would permit a judge or jury to consider the individual characteristics of the defendant and the individual circumstances of the crime as mitigating factors for a lesser sentence. *Id.* at 489.

On remand from the Supreme Court in *Jackson*, we granted habeas relief and remanded the case to the circuit court for a resentencing hearing at which Jackson could present *Miller* evidence for consideration. *See Jackson v. Norris*, 2013 Ark. 175, 426 S.W.3d 906. We held that Jackson's sentence must fall within the statutory discretionary sentencing range for a Class Y felony, which is ten to forty years or life. *Id.*, 426 S.W.3d 906.[3]

Following the Supreme Court's decision in *Miller* and this court's decision in *Jackson* on remand, Scherrer petitioned for writ of habeas corpus in the Lincoln County Circuit

---

[3]After Jackson obtained relief, other "*Miller* defendants" sought resentencing. In *Kelley v. Gordon*, 2015 Ark. 277, 465 S.W.3d 842, we held that, as a matter of "fundamental fairness and evenhanded justice," *Miller* applied to all juvenile offenders convicted of capital murder. *Id.* at 7, 465 S.W.3d at 846. Subsequently, the Supreme Court resolved a split of authority and held that *Miller*'s prohibition on mandatory life without parole for juvenile offenders is retroactive to cases on collateral review. *Montgomery v. Louisiana*, 577 U.S. 190 (2016).

Court. The circuit court issued the writ, vacated Scherrer's mandatory sentence of life without parole, and remanded the case to the Desha County Circuit Court for resentencing. Before Scherrer's resentencing hearing was held, the Arkansas General Assembly passed the FSMA. The Act, which became effective on March 20, 2017, eliminated life without parole as a sentencing option for juvenile offenders and extended parole eligibility to juvenile offenders. Citing the FSMA, the circuit court "discontinued" the resentencing hearing. In an amended sentencing order entered on June 1, 2017, the circuit court sentenced Scherrer to life imprisonment with the possibility of parole after thirty years, pursuant to the FSMA.

On July 7, 2017, Scherrer filed a pro se motion to vacate the amended sentencing order arguing that (1) the circuit court could not amend his sentence under the FSMA because it had been vacated by the habeas order, (2) he was entitled to a resentencing hearing as a matter of fundamental fairness and evenhanded justice, and (3) the application of the FSMA to his sentence was unconstitutional because it was ex post facto legislation. The State responded and asserted that the FSMA remedied the *Miller* violation by retroactively extending parole eligibility to juvenile offenders. In an order entered on November 13, 2017, the circuit court found that it lacked jurisdiction to rule on Scherrer's motion to vacate because, as a posttrial motion under Arkansas Rule of Criminal Procedure 33.3(c), the motion had already been deemed denied.

Scherrer appealed the circuit court's order. In his pro se brief on appeal, however, he asserts that the circuit court lacked jurisdiction to rule on his motion to vacate and that his "attempt to have his illegal amended sentence vacated was doomed from the start." In any event, this court may address the issue of an illegal sentence sua sponte. *See Harness v.*

3

*State*, 352 Ark. 335, 339, 101 S.W.3d 235, 238 (2003) (noting that we treat problems of void or illegal sentences like problems of subject-matter jurisdiction and review them even if not raised on appeal). A sentence is void or illegal when the circuit court lacks the authority to impose it. *Cross v. State*, 2009 Ark. 597, 357 S.W.3d 895. The question in this case is whether the circuit court had the authority to sentence Scherrer under the FSMA.

In *Harris*, 2018 Ark. 179, 547 S.W.3d 64, a juvenile offender convicted of capital murder challenged the application of the FSMA to his case. Harris committed his crime in 1996, when he was fifteen years old; the circuit court vacated his mandatory sentence of life without parole in 2016; and a resentencing hearing was set for May 2017. We concluded that the FSMA did not apply to Harris, holding in relevant part that (1) the revised punishment for juveniles convicted of capital murder—life imprisonment with the possibility of parole after thirty years—is not retroactive and applies only to crimes committed on or after March 20, 2017, the effective date of the FSMA; (2) the parole-eligibility provisions of the FSMA did not apply to Harris at the time of his resentencing hearing because his sentence had been vacated, and he was no longer serving a sentence to which parole eligibility could attach; and (3) Harris was entitled to a hearing to present *Miller* evidence for consideration and sentencing within the discretionary range for a Class Y felony, which is ten to forty years or life.

The facts in Scherrer's case are analogous to the facts in *Harris*. Scherrer, like Harris, committed his crime before the effective date of the FSMA; therefore, the penalty provisions of the FSMA do not apply to him. Likewise, the parole-eligibility provision does not apply to Scherrer. His sentence, like Harris's sentence, had already been vacated at the time of his

resentencing, and he was no longer serving a sentence to which parole eligibility could attach.

Pursuant to our decision in *Harris*, we hold that the circuit court lacked the authority to sentence Scherrer under the FSMA. Scherrer is entitled to a hearing to present *Miller* evidence for consideration and sentencing within the discretionary range for a Class Y felony, which is ten to forty years or life. *See* Ark. Code Ann. § 5-4-401(a) (Repl. 2013); *Harris*, 2018 Ark. 179, 547 S.W.3d 64; *Jackson v. Norris*, 2013 Ark. 175, 426 S.W.3d 906; *see also Elliott v. State*, 2019 Ark. 162; *Williams v. State*, 2019 Ark. 96; *Miller v. State*, 2019 Ark. 81, 570 S.W.3d 448; *Howell v. State*, 2019 Ark. 59, 567 S.W.3d 842; *Ray v. State*, 2019 Ark. 46, 567 S.W.3d 63; *Segerstrom v. State*, 2019 Ark. 36, 566 S.W.3d 466; and *Robinson v. State*, 2018 Ark. 353, 563 S.W.3d 530 (holding that the circuit court erred in applying the FSMA to the juvenile offender's case and ordering resentencing pursuant to *Harris*).

Reversed and remanded.

WOOD and WYNNE, JJ., concur.

WOMACK, J., dissents.

**RHONDA K. WOOD, Justice, concurring.** I concur for the reasons set forth in my concurring opinion in *Robinson v. State*, 2018 Ark. 353, 563 S.W.3d 530 (Wood, J., concurring).

**ROBIN F. WYNNE, Justice, concurring.** I concur for the reasons set forth in my concurring opinion in *Harris v. State*, 2018 Ark. 179, 547 S.W.3d 64.

**SHAWN A. WOMACK, Justice, dissenting.** I dissent for the reasons set forth in my dissenting opinion in *Harris v. State*, 2018 Ark. 179, 547 S.W.3d 64.

5

*Jimmy Scherrer*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.