SLIP OPINION

Cite as 2015 Ark. 277

# SUPREME COURT OF ARKANSAS

No. CV–14–1082

| | |
|---|---|
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLANT<br><br>V.<br><br><br>ULONZO GORDON<br><br>APPELLEE | **Opinion Delivered** June 18, 2015<br><br>APPEAL FROM THE LEE COUNTY CIRCUIT COURT<br>[NO. 39CV-13-83]<br><br>HONORABLE RICHARD L. PROCTOR, JUDGE<br><br>AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

This is an appeal from the Lee County Circuit Court's order granting appellee Ulonzo Gordon relief in his habeas-corpus proceeding upon finding that the holding of *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012), which prohibited mandatory sentences of life without the possibility of parole for juvenile offenders, applies retroactively. On appeal, Wendy Kelley, Director, Arkansas Department of Correction (the State), argues that the circuit court erred by ruling that *Miller* applies retroactively and that the circuit court's equal-protection/due-process ruling was erroneous. We affirm.

This is the second time this habeas appeal has been before us. Previously, this court reversed for failure to follow the procedures mandated by our habeas-corpus statutes, beginning with making a finding of probable cause to issue the writ, and remanded the case to the circuit court. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. As set out in that opinion,

SLIP OPINION

On June 16, 1995, a Crittenden County jury convicted appellee, Ulonzo Gordon, of capital murder and sentenced him to mandatory life without the possibility of parole. We affirmed his conviction, as well as the sentences and convictions of his two codefendants in *Cooper v. State*, 324 Ark. 135, 919 S.W.2d 205 (1996), overruled on other grounds by *MacKintrush v. State*, 334 Ark. 390, 978 S.W.2d 293 (1998). Gordon subsequently filed a Rule 37 petition seeking postconviction relief which the circuit court denied. We affirmed the circuit court in *Gordon v. State*, No. CR-96-878, 1997 WL 583031 (Ark. Sept. 18, 1997) (unpublished opinion).

On June 24, 2013, Gordon filed a petition for writ of habeas corpus pursuant to Ark. Code Ann. § 16-112-118(b)(1)(A)–(B) (Repl. 2006), alleging that he was being held without lawful authority pursuant to *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), and asserting that his sentence to life imprisonment was illegal because he was a juvenile at the time of the offense. Gordon further asserted that the Crittenden County Circuit Clerk entered the wrong birth date on his judgment and commitment order having stated that his birthday was August 18, 1976. However, Gordon claimed that his birthday was August 18, 1977, which would make Gordon seventeen years old and a juvenile at the time of the offense.

*Id*. at 1–2, 434 S.W.3d at 365–66. On August 23, 2013, without holding a hearing, the circuit court granted Gordon's petition, vacated and set aside Gordon's sentence, and reinvested the Crittenden County Circuit Court with jurisdiction to conduct resentencing proceedings. *Id*. The State appealed, and we held that while Gordon's claim was cognizable in habeas-corpus proceedings, the circuit court had not followed the procedures mandated by our habeas-corpus statutes and, as noted above, reversed and remanded. *See id*.

On remand, the circuit court entered an order finding probable cause to believe that Gordon was being held without lawful authority within the meaning of Arkansas Code Annotated sections 16-112-101 et seq. and issued the writ. The Director of the Arkansas Department of Correction filed a return, stating that Gordon was in his custody based upon Gordon's conviction for capital murder in Crittenden County Circuit Court Criminal Case

No. 95-149. Pursuant to Arkansas Code Annotated sections 116–112–108(c)(2) & –109(a), the director attached copies of the judgment and commitment order and Gordon's institutional file. The judgment and commitment order reflects that the date the murder was committed was January 28, 1995, and that Gordon's date of birth is August 18, 1976.

At the hearing before the circuit court, at which Gordon was present, the parties presented evidence on the issue of Gordon's true date of birth. As the circuit court's finding that Gordon was born on August 18, 1977—not 1976, as reflected on the judgment and commitment order—is not challenged on appeal, it is not necessary to address the details of that evidence. The circuit court also heard argument regarding whether *Miller* should be applied retroactively to afford Gordon relief. At the conclusion of the hearing, the court ruled from the bench that Gordon was entitled to relief, and a written order was subsequently entered as follows:

1. That Ulonzo Gordon was born on August 18, 1977. The murder for which he was convicted occurred on January 28, 1995. Thus, Gordon was under 18 years of age at the time of the murder.

2. That habeas corpus is the proper procedure to bring this claim.

3. That *Miller v. Alabama/Jackson v. Hobbs*, 132 S.Ct 2455 (2012), is retroactive. The Court finds that the clear intent of the United States Supreme Court in *Miller/Jackson*, as demonstrated by its reliance on fully retroactive cases; that the distinction between Miller's situation on direct appeal and Jackson's post conviction situation is of such jurisprudential significance under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989), and other cases explaining the *Teague* rule that Jackson's case would have been decided differently if *Miller/Jackson* was not retroactive; that *Miller/Jackson* . . . is retroactive as a matter of state constitutional law as well; and considering that *Jackson* is an Arkansas case and Jackson has obtained relief, it would also violate Gordon's federal and state constitutional rights of due process and equal protection to treat Gordon differently than Jackson.

4. The Court thus vacates Gordon's sentence of life imprisonment without parole imposed by the Crittenden Circuit Court and remands the matter to that Court for appropriate resentencing proceedings.

The State now brings this appeal.

In *Miller v. Alabama* and its companion case, *Jackson v. Hobbs*, 132 S. Ct. 2455 (2012), the Supreme Court of the United States consolidated two cases for review of the constitutionality of mandatory sentences of life imprisonment without the possibility of parole for crimes committed by juveniles. The court summarized its decision as follows:

> The two 14-year-old offenders in these cases were convicted of murder and sentenced to life imprisonment without the possibility of parole. In neither case did the sentencing authority have any discretion to impose a different punishment. State law mandated that each juvenile die in prison even if a judge or jury would have thought that his youth and its attendant characteristics, along with the nature of his crime, made a lesser sentence (for example, life *with* the possibility of parole) more appropriate. Such a scheme prevents those meting out punishment from considering a juvenile's "lessened culpability" and greater "capacity for change," *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 2026–2027, 2029–2030, 176 L.Ed.2d 825 (2010), and runs afoul of our cases' requirement of individualized sentencing for defendants facing the most serious penalties. We therefore hold that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on "cruel and unusual punishments."

*Id.* at 2460. Notably, *Jackson v. Hobbs* was an Arkansas case on collateral review. On remand from the United States Supreme Court this court reversed the denial of Kuntrell Jackson's petition for writ of habeas corpus and issued the writ. *Jackson v. Norris*, 2013 Ark. 175, 426 S.W.3d 906. We further remanded the case to the Jefferson County Circuit Court with instructions that the case be transferred to the Mississippi County Circuit Court and instructed that a sentencing hearing be held in the Mississippi County Circuit Court where Jackson was to have the opportunity to present for consideration evidence that would

include that of his "age, age-related characteristics, and the nature of his crime." Further, we rejected the State's argument that this court could sentence Jackson to a mandatory sentence of life imprisonment with the possibility of parole, and we instructed that his sentence must fall within the statutory discretionary sentencing range for a Class Y felony of not less than ten years and not more than forty years, or life. Ark. Code Ann. § 5-4-401(a)(1) (Repl. 1997).[1]

In the present case, the State argues in its first point on appeal that the circuit court erred by ruling that *Miller* is applicable retroactively because (1) it is not retroactive under *Teague v. Lane*, 489 U.S. 288 (1989); (2) neither *Miller* nor *Jackson v. Norris*, 2013 Ark. 175, implies that the *Miller* rule is retroactive; (3) *Roper v. Simmons*, 543 U.S. 551 (2005), and *Graham v. Florida*, 560 U.S. 48 (2010), do not make *Miller* retroactive; and (4) there is no basis in state law to hold *Miller* retroactive. For its second point on appeal, the State contends that the circuit court's ruling regarding equal protection and due process was erroneous.

---

[1]While we are not asked to decide the appropriate sentencing range in this case, we note that the General Assembly has amended the Criminal Code regarding the permissible sentences for those under the age of eighteen who commit capital murder. 2013 Arkansas Laws Act 1490. The intent of the General Assembly was expressly stated as follows:

> (a) It is the intent of the General Assembly to revise the punishments authorized for persons who are not yet eighteen (18) years of age when they commit capital murder after the effective date of this act.

> (b) It is not the intent of the General Assembly to authorize the revised punishments for those persons who committed capital murder when they were not yet eighteen (18) years of age prior to the effective date of this act.

Act of Apr. 22, 2013, No. 1490, § 1, 2013 Ark. Acts 6587, 6588.

In *Teague v. Lane*, *supra*, the United States Supreme Court adopted a new approach to retroactivity for criminal cases announcing new rules. The court held that, unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to cases that have become final before the new rules are announced. *Teague*, 489 U.S. 288, 310 (plurality opinion). However, while many states have chosen to do so,[2] this court is not required to follow *Teague*. In *Danforth v. Minnesota*, 552 U.S. 264 (2008), the United States Supreme Court held that the *Teague* rule does not constrain the authority of state courts to give broader effect to new rules of criminal procedure than is required by that opinion.

We have never expressly adopted the *Teague* rule, and we hold that the particular posture of this case makes it unnecessary to decide as a general matter whether this court will do so. This court has already granted relief to Kuntrell Jackson on remand from the United States Supreme Court. Of course, Jackson was entitled to the benefit of the United States Supreme Court's decision in his own case. *Yates v. Aiken*, 484 U.S. 211 (1988). Nonetheless, as it now stands, a juvenile offender sentenced to an unconstitutional mandatory sentence of life without the possibility of parole by the State of Arkansas has obtained a new sentencing hearing. It would be patently unfair to decline to do so for other prisoners who are similarly situated. *Teague*, 489 U.S. at 300 ("[O]nce a new rule is applied to the

---

[2]*E.g.*, *In re New Hampshire*, 103 A.3d 227, 236 ( N.H. 2014) (concluding that, pursuant to the *Teague* framework, the rule announced in *Miller* constitutes a new substantive rule of law that applies retroactively to cases on collateral review); *Ex parte Maxwell*, 424 S.W.3d 66, 71 (Tex. Crim. App. 2014) ("[w]e follow *Teague* as a general matter of state habeas practice."); *Jones v. State*, 122 So. 3d 698, 701 (Miss. 2013) ("This Court expressly has adopted *Teague*'s 'very limited retroactive application standard.'").

SLIP OPINION

defendant in the case announcing the rule, evenhanded justice requires that it be applied retroactively to all who are similarly situated."). Therefore, as a matter of fundamental fairness and evenhanded justice, we affirm the circuit court's order vacating Gordon's sentence of life without parole and reinvesting the sentencing court with jurisdiction to hold a new sentencing hearing under *Miller*. Gordon is entitled to the same relief from his unconstitutional sentence as Kuntrell Jackson received—namely, a sentencing proceeding at which he will have the opportunity to present *Miller* evidence.

We are not unmindful of the State's arguments regarding fairness to those involved in and affected by Gordon's trial and sentencing. The State argues that Gordon received a fair trial and lawful sentence at the time of his conviction, and it would upset the expectations of all involved to vacate his sentence and have a new sentencing proceeding. Furthermore, the State argues that the costs, both in resources and human suffering, particularly that of the victim's family, should not be forgotten. These are compelling interests, but we hold that the Eighth Amendment's ban on cruel and unusual punishment outweighs the factors favoring finality.

Because we affirm for the reason stated above, we do not address the circuit court's equal-protection and due-process rulings. In sum, we affirm the circuit court's order vacating Gordon's sentence of life imprisonment without parole and remanding to the Crittenden County Circuit Court for appropriate resentencing proceedings.

Affirmed.

*Jeff Rosenzweig*, for appellant.
*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.