JOHN DAN KEMP, Chief Justice
Appellant Vernon Robinson appeals from the Ashley County Circuit Court's order denying him a resentencing hearing and imposing a sentence of life with parole eligibility pursuant to the Fair Sentencing of Minors Act of 2017 (FSMA or "the Act").[1] We reverse the circuit court's order and remand for resentencing in accordance with our decision in Harris v. State , 2018 Ark. 179, 547 S.W.3d 64.
I. Facts
In 1983, Robinson pleaded guilty to the capital murder of Alice Mosley. The crime carried a mandatory statutory penalty of death or life imprisonment without parole. See Ark. Stat. Ann. § 41-1501(3) (Repl. 1977). Robinson was seventeen years old[2] at the time of the murder, and he received a sentence of life without parole. In 2012, the Supreme Court of the United States held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." Miller v. Alabama , 567 U.S. 460, 479, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). The Court further held that defendants who committed homicide crimes as juveniles and faced a sentence of life without parole were entitled to a sentencing *531 hearing that would permit a judge or jury to consider the individual characteristics of the defendant and the individual circumstances of the crime as mitigating factors for a lesser sentence. Id. at 489, 132 S.Ct. 2455.
Following the Supreme Court's decision in Miller and this court's decision on remand in Miller 's companion case, Jackson v. Norris , 2013 Ark. 175, 426 S.W.3d 906, Robinson petitioned for writ of habeas corpus in the Lincoln County Circuit Court and argued that his sentence was unconstitutional. On June 27, 2016, the circuit court granted Robinson's petition, vacated his sentence, and remanded his case to the Ashley County Circuit Court for resentencing. The circuit court had yet to conduct a Miller hearing, however, when the Arkansas General Assembly passed the FSMA, which, among other things, eliminated life without parole as a sentencing option for juvenile offenders and extended parole eligibility to juvenile offenders.[3] Although Robinson's sentence had been vacated before the FSMA was enacted, the circuit court nevertheless relied on the Act's provisions in resentencing him to life with the possibility of parole after thirty years.[4] On appeal, Robinson challenges the circuit court's application of the FSMA to his case.
II. Juvenile Sentencing
In Harris , 2018 Ark. 179, 547 S.W.3d 64, this court considered whether the FSMA's penalty and parole-eligibility provisions apply to a defendant whose sentence had been vacated before the FSMA was enacted. We held that the penalty provisions of the FSMA are not retroactive; therefore, the revised punishment for juveniles convicted of capital murder applies only to crimes committed on or after March 20, 2017, the effective date of the FSMA. Id. at 14, 547 S.W.3d at 71. Further, we held that the parole-eligibility provision did not apply at the time of Harris's hearing because "by its plain language, the provision applies only to those juvenile offenders who are serving a sentence for either capital or first-degree murder." Id. at 11, 547 S.W.3d at 70. Because Harris's sentence was vacated in 2016, he was no longer serving a sentence to which parole eligibility could attach. Thus, the parole-eligibility provision did not apply to Harris at the time of his May 8, 2017 hearing.
The facts in this case are analogous to those in Harris . Robinson, like Harris, committed his crime before the effective date of the FSMA; therefore, the penalty provisions do not apply. Robinson's sentence, like Harris's sentence, was vacated by the circuit court in 2016. Thereafter, Robinson, like Harris, was no longer serving a sentence to which parole eligibility could attach. Accordingly, the parole-eligibility provision of the FSMA did not apply to Robinson at the time of his July 24, 2017 hearing.
Based on our decision in Harris , we hold that the circuit court erred in applying the FSMA to Robinson's case.[5] Robinson is entitled to a hearing to present Miller evidence for consideration and sentencing within the discretionary range for a Class *532 Y felony, which is ten to forty years or life. See Ark. Code Ann. § 5-4-401(a) (Repl. 2013); Harris , 2018 Ark. 179, 547 S.W.3d 64 ; Jackson , 2013 Ark. 175, 426 S.W.3d 906.
Reversed and remanded.
Hart, Wood, and Wynne, JJ., concur.
Womack, J., dissents.
Josephine Linker Hart, Justice, concurring.
I agree with the disposition of this case. However, in my view, Robinson as a Miller defendant must have a sentencing hearing because this court has already determined that he was entitled to such a hearing. Kelley v. Gordon , 2015 Ark. 277, 465 S.W.3d 842. In Gordon , we held that all juvenile offenders sentenced to an unconstitutional mandatory sentence of life without the possibility of parole were entitled to a new sentencing hearing as "as a matter of fundamental fairness and evenhanded justice." 2015 Ark. 277, at 6, 465 S.W.3d at 846. Thus, Robinson's entitlement to a sentencing hearing had already accrued prior to the passage of the Fair Sentencing of Minors Act. The separation of powers embodied in the Arkansas Constitution precludes the legislature from nullifying this court's decision in Gordon . Ark. Const. art. 4, § 2.
In Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the Supreme Court held that the rule in Miller is substantive constitutional law that must be given retroactive effect. I am mindful that the Montgomery Court nonetheless went on to state
[g]iving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. See, e.g. , Wyo. Stat. Ann. § 6-10-301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity-and who have since matured-will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.
Montgomery , 136 S.Ct. at 736. Accordingly, had this court not handed down its decisions in Jackson v. Norris , 2013 Ark. 175, 426 S.W.3d 906, and Kelley v. Gordon, supra , enacting the Fair Sentencing of Minors Act may have obviated the need for resentencing hearings for Miller defendants. Such appears to have been the case in Wyoming, whose legislature passed the statute that the Montgomery Court cited with approval. However, the fact remains that this court did act, and our decisions in Jackson and Gordon settled the issue. The separation-of-powers doctrine prohibits the legislature from supplanting our decisions.

See Act of Mar. 20, 2017, No. 539, 2017 Ark. Acts 2615.

Robinson was born on January 31, 1966. The offense was committed on April 29, 1983.

In Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the Supreme Court of the United States indicated that states could remedy Miller violations by extending parole eligibility to juveniles serving unconstitutional sentences. Id. at 736. In 2017, the legislature passed the FSMA.

See FSMA, No. 539, § 3, 2017 Ark. Acts at 2617 (codified at Ark. Code Ann. § 5-4-104(b) (Supp. 2017) ); § 6, 2017 Ark. Acts at 2618-19 (codified at Ark. Code Ann. § 5-10-101(c)(1)(B) (Supp. 2017) ).

The State urges us to overrule our decision in Harris . We decline to do so.