JOHN DAN KEMP, Chief Justice
Appellant Tony Alan Ray appeals from an order of the circuit court denying him a resentencing hearing and imposing a sentence of life with parole eligibility pursuant to the Fair Sentencing of Minors Act of 2017 (FSMA or "the Act").[1] We reverse the circuit court's order and remand for resentencing in accordance with our decision in Harris v. State , 2018 Ark. 179, 547 S.W.3d 64.
I. Facts
In 1999, a Crawford County Circuit Court jury found Ray guilty of theft of property and capital murder after he and an accomplice broke into Lisa Lewis's home, shot her multiple times, and then fled the scene in her car. See Ray v. State , 344 Ark. 136, 40 S.W.3d 243 (2001). Ray *64 was sixteen years old when the crimes were committed, and he received consecutive sentences of life imprisonment without parole for capital murder[2] and twenty years for theft of property.[3] In 2012, the Supreme Court of the United States held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." Miller v. Alabama , 567 U.S. 460, 479, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). The Court further held that defendants who committed homicide crimes as juveniles and faced a sentence of life without parole were entitled to a sentencing hearing that would permit a judge or jury to consider the individual characteristics of the defendant and the individual circumstances of the crime as mitigating factors for a lesser sentence. Id. at 489, 132 S.Ct. 2455.
Following the Court's decision in Miller and this court's decision on remand in Miller 's companion case, Jackson v. Norris , 2013 Ark. 175, 426 S.W.3d 906, Ray petitioned for writ of habeas corpus in the Lincoln County Circuit Court and argued that his sentence was unconstitutional. On June 27, 2016, the circuit court granted Ray's petition, vacated his sentence, and remanded his case to the Crawford County Circuit Court for resentencing. The circuit court had yet to conduct a Miller hearing, however, when the Arkansas General Assembly passed the FSMA, which, among other things, eliminated life without parole as a sentencing option for juvenile offenders and extended parole eligibility to juvenile offenders.[4] On May 2, 2017, the State filed a motion for resentencing under the FSMA. Ray opposed the motion, contending that the FSMA was inapplicable to his case and that he was entitled to a resentencing hearing at which he could present Miller evidence. On August 2, 2017, the circuit court held a hearing on the State's motion. Although Ray's sentence had been vacated before the FSMA was enacted, the circuit court nevertheless relied on the Act's provisions in resentencing him to life with the possibility of parole after thirty years.[5] On appeal, Ray challenges the circuit court's application of the FSMA to his case.
*65 II. Juvenile Sentencing
In Harris , 2018 Ark. 179, 547 S.W.3d 64, this court considered whether the FSMA's penalty and parole-eligibility provisions apply to a defendant whose sentence had been vacated before the FSMA was enacted. We held that the penalty provisions of the FSMA are not retroactive; therefore, the revised punishment for juveniles convicted of capital murder applies only to crimes committed on or after March 20, 2017, the effective date of the FSMA. Id. at 14, 547 S.W.3d at 71. Further, we held that the parole-eligibility provision did not apply at the time of Harris's May 8, 2017 resentencing hearing because "by its plain language, the provision applies only to those juvenile offenders who are serving a sentence for either capital or first-degree murder." Id. at 11, 547 S.W.3d at 70. We noted that Harris's sentence had been vacated in 2016, and thereafter, he was no longer serving a sentence to which parole eligibility could attach. Id. at 11, 547 S.W.3d at 70. Therefore, we held that the parole-eligibility provision of the FSMA did not apply to Harris at the time of his hearing. Id. at 11, 547 S.W.3d at 70.
The facts in this case are analogous to those in Harris . Ray, like Harris, committed his crime before the effective date of the FSMA; therefore, the penalty provisions do not apply. Ray's sentence, like Harris's sentence, was vacated by the circuit court in 2016. Thereafter, Ray, like Harris, was no longer serving a sentence to which parole eligibility could attach. Accordingly, the parole-eligibility provision of the FSMA did not apply to Ray at the time of his hearing on the State's motion for resentencing.
Based on our decision in Harris , we hold that the circuit court erred in applying the FSMA to Ray's case. Ray is entitled to a hearing to present Miller evidence for consideration and sentencing within the discretionary range for a Class Y felony, which is ten to forty years or life. See Ark. Code Ann. § 5-4-401(a) (Repl. 2013); Harris , 2018 Ark. 179, 547 S.W.3d 64 ; Jackson , 2013 Ark. 175, 426 S.W.3d 906 ; see also Segerstrom v. State , 2019 Ark. 36, 566 S.W.3d 466, and Robinson v. State , 2018 Ark. 353, 563 S.W.3d 530 (holding that the circuit court erred in applying the FSMA to the juvenile offender's case and ordering resentencing pursuant to Harris ).[6]
Reversed and remanded.
Wood and Wynne, JJ., concur.
Womack, J., dissents.

See Act of Mar. 20, 2017, No. 539, 2017 Ark. Acts 2615.

Ray was born on November 13, 1980, and the crimes were committed on June 24, 1997. The law in effect at that time authorized a punishment of either death or life imprisonment without parole for offenders who were sixteen years of age or older when they committed capital murder. See Ark. Code Ann. §§ 5-10-101(c) (Supp. 1995), 5-4-615 (Repl. 1993), and 5-4-104(b) (Supp. 1995); Stanford v. Kentucky , 492 U.S. 361, 109 S.Ct. 2969, 106 L.Ed.2d 306 (1989) (permitting imposition of death penalty on offenders aged at least sixteen years old at the time of the commission of the crime); Ward v. State , 293 Ark. 88, 99, 733 S.W.2d 728, 733 (1987) (stating that the imposition of the death penalty on a juvenile is not a per se violation of the Eighth Amendment to the United States Constitution). In this case, the State sought the death penalty against Ray, but the jury instead imposed a sentence of life imprisonment without parole. In 2005, the Supreme Court of the United States held that "the Eighth and Fourteenth Amendments forbid imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed." Roper v. Simmons , 543 U.S. 551, 578, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).

Ray's conviction and sentence for theft of property are not at issue in this case.

In Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the Supreme Court of the United States indicated that states could remedy Miller violations by extending parole eligibility to juveniles serving unconstitutional sentences. Id. at ----, 136 S.Ct. at 736. In 2017, the legislature passed the FSMA.

See FSMA, No. 539, § 3, 2017 Ark. Acts at 2617 (codified at Ark. Code Ann. § 5-4-104(b) (Supp. 2017) ); § 6, 2017 Ark. Acts at 2618-19 (codified at Ark. Code Ann. § 5-10-101(c)(1)(B) (Supp. 2017) ).

We again decline the State's invitation to overrule Harris . See Robinson , 2018 Ark. 353, at 4 n.5, 563 S.W.3d at 531 n.5 (denying the State's request to overrule Harris ).