COURTNEY HUDSON GOODSON, Associate Justice
Appellant Steven Wade Miller appeals from the Columbia County Circuit Court's order denying him a resentencing hearing and imposing a life sentence with parole eligibility pursuant to the Fair Sentencing of Minors Act of 2017 (FSMA). For reversal, Miller argues that the circuit court erred by sentencing him under the FSMA. We agree and reverse and remand for resentencing in accordance with our decision in Harris v. State , 2018 Ark. 179, 547 S.W.3d 64.
On January 19, 1996, Miller was convicted of capital murder in connection with the March 5, 1994 shooting death of Leona Cameron, a clerk at the Subway Sandwich Shop in El Dorado, Arkansas. Miller was sixteen years old at the time of the crime and received a mandatory sentence of life imprisonment without parole. See Ark. Code Ann. § 5-10-101(c) (Repl. 1993); Ark. Code Ann. § 5-4-104(b) (Repl. 1993). His conviction and sentence were affirmed on appeal. Miller v. State , 328 Ark. 121, 942 S.W.2d 825 (1997).
In Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), the Supreme Court held that the Eighth Amendment forbids a mandatory sentence of life without parole for a juvenile offender *449 and that a juvenile facing a life-without-parole sentence is entitled to a sentencing hearing at which a judge or jury may consider the individual characteristics of the defendant and the circumstances of the crime. In Jackson v. Norris , 2013 Ark. 175, 426 S.W.3d 906, this court decided a companion case to Miller on remand from the Supreme Court. We granted habeas relief and remanded to the circuit court for a sentencing hearing where Jackson could present Miller evidence for consideration. Id. We further held that Jackson's sentence must fall within the statutory discretionary sentencing range for a Class Y felony, which is ten to forty years or life. Id. Subsequent to Jackson , we held in Kelley v. Gordon , 2015 Ark. 277, 465 S.W.3d 842, that Miller was to be applied retroactively to other cases on collateral review.[1]
Based on the decisions outlined above, Miller filed a petition for writ of habeas corpus in the Jefferson County Circuit Court. On June 9, 2016, the circuit court entered an order concluding that Miller was entitled to habeas relief. The court issued the writ, vacated Miller's life-without-parole sentence, and remanded his case to the Columbia County Circuit Court for resentencing. Before Miller's resentencing hearing was held, however, the Arkansas General Assembly passed the FSMA, which became effective on March 20, 2017. The FSMA eliminated life without parole as a sentencing option for juvenile offenders and also extended parole eligibility to juvenile offenders.
On September 21, 2017, Miller filed a motion to determine the appropriate procedure and sentencing range applicable to his resentencing. At the hearing on the motion, Miller argued that he could not be resentenced under the FSMA. The circuit court disagreed, finding that the FSMA could be applied retroactively to Miller, and sentenced him to life imprisonment with the possibility of parole after thirty years. An order to this effect, along with an amended sentencing order, was entered on October 31, 2017. Miller filed a timely notice of appeal from these orders.
On appeal, Miller contends that the circuit court erred by retroactively applying the FSMA's penalty provisions and by sentencing him to a term not available on the date the crime was committed. He cites this court's recent opinion, Harris v. State , supra , in which we held that the FSMA was not applicable to a similarly-situated juvenile offender.
We agree that our decision in Harris controls in this appeal. In Harris , this court concluded that the revised punishment provided under the FSMA for capital murder committed by a juvenile, which is life imprisonment with the possibility of parole after serving a minimum of thirty years' imprisonment, is not retroactive and applies only to crimes committed on or after March 20, 2017, the effective date of the Act. Id. at 11-13, 547 S.W.3d at 70-71 (citing Fair Sentencing of Minors Act §§ 3, 6, Ark. Code Ann. §§ 5-4-104(b), 5-10-101(c)(1)(B) (Supp. 2017) ). Furthermore, we concluded that the FSMA's parole-eligibility provisions did not apply to Harris at the time of his resentencing hearing because his sentence had been vacated, and he was no longer serving a sentence to which parole eligibility could attach. Id. We therefore held that Harris was in the same situation as the defendant in Jackson and that he was entitled to a *450 hearing to present Miller evidence and sentencing within the discretionary range for a Class Y felony, which is ten to forty years or life. Id.
The State asserts that Harris incorrectly interpreted the FSMA and should be overruled. Consistent with other recent decisions by this court that also involved juvenile offenders whose life-without-parole sentences for capital murder were vacated, we again decline this invitation. Ray v. State , 2019 Ark. 46, 567 S.W.3d 63 ; Segerstrom v. State , 2019 Ark. 36, 566 S.W.3d 466 ; Robinson v. State , 2018 Ark. 353, 563 S.W.3d 530. Because Miller, like Harris, committed his crime before the effective date of the FSMA, the penalty provisions of the Act do not apply to him. Further, because Miller's sentence had been vacated by Jefferson County Circuit Court, he was no longer serving a sentence to which parole eligibility could attach. Thus, the parole-eligibility provision of the FSMA did not apply to Miller at the time of his resentencing hearing in September 2017. Accordingly, the circuit court erred by sentencing Miller under the FSMA. We reverse and remand for a resentencing hearing; at the hearing, Miller will be entitled to present Miller evidence for consideration, and he will be sentenced pursuant to the discretionary sentencing range for a Class Y felony, which is ten to forty years or life.
Reversed and remanded.
Special Justice Stephen Tabor joins in this opinion.
Wood, J., concurs.
Womack, J., dissents.
Wynne, J., not participating.

In Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the Supreme Court confirmed that its decision in Miller must be given retroactive effect and indicated that states could remedy Miller violations by extending parole eligibility to juvenile offenders serving unconstitutional sentences.