JOSEPHINE LINKER HART, Justice
Robert Williams appeals from a Nevada County Circuit Court order denying him a resentencing hearing and imposing a life sentence with parole eligibility pursuant to the Fair Sentencing of Minors Act of 2017 (FSMA). On appeal, Williams argues that he is entitled to a new sentencing trial in accordance with Harris v. State , 2018 Ark. 179, 547 S.W.3d 64 ; and that denying him a new sentencing trial violated his fundamental-fairness and equal-protection rights. We reverse and remand for resentencing in accordance with Harris .
Williams was convicted of capital murder that occurred on July 15, 2004. Williams and two others killed eighty-year-old James Cummings in his bed during a home-invasion robbery. At the time of the offense, Williams was less than eighteen years of age. The jury sentenced Williams to life imprisonment without the possibility of parole. However, his life sentence was vacated pursuant to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).
The Miller Court held that the Eighth Amendment forbids a mandatory sentence of life without parole for a juvenile offender and that a juvenile facing a life-without-parole sentence is entitled to a sentencing hearing at which the finder of fact must consider the individual characteristics of the defendant and the circumstances of the crime, reserving the harshest sentence-life without the possibility of parole-for only those offenders manifesting "irreparable corruption." Id. On remand from the Supreme Court, we decided in Jackson v. Norris , 2013 Ark. 175, 426 S.W.3d 906, a companion case to Miller , that after the grant of habeas relief, Jackson was entitled to a sentencing hearing at which Miller evidence could be considered. We further held that Jackson's sentence must fall within the statutory discretionary sentencing range for a Class Y felony, which is ten to forty years or life. Id . In Kelley v. Gordon , 2015 Ark. 277, 465 S.W.3d 842, we held that Jackson was to be applied retroactively to all Miller defendants.
On June 27, 2016, the Lincoln County Circuit Court granted Williams's habeas petition and vacated his sentence. The case was then transferred to Nevada County for a resentencing hearing. The hearing was set for August 27, 2017. However, the Arkansas General Assembly passed the FSMA (Act 539 of 2017), which became effective on March 20, 2017. The FSMA replaced life without parole as a sentence for juvenile offenders with a life sentence that allowed for parole eligibility. On June 22, 2017, the State filed a motion to resentence Williams under the FSMA. Williams opposed the State's motion, arguing that Jackson and Gordon entitled him to a resentencing hearing where a sentencing range consistent with a Class Y felony could be considered. The circuit court sentenced *5 Williams under the FSMA to a term of life imprisonment with the possibility of parole after thirty years.
After the circuit court's order but before briefing commenced in this case, we handed down Harris v. State , 2018 Ark. 179, 547 S.W.3d 64, where we determined that individuals like Harris, who had their sentences vacated pursuant to Miller, were not subject to sentencing under the FSMA. On appeal, Williams argues that his case should be controlled by Harris even though Harris was handed down after the circuit court's ruling. He contends that he raised an argument to the circuit court that was substantially similar to the argument raised by Harris. Further, citing Kelley v. Gordon, supra , Williams asserts that he is entitled to a sentencing hearing as a matter of fundamental fairness. We agree.
While we are mindful that Harris was decided after the circuit court denied Williams a sentencing hearing, it is of no moment. We recently disposed of this very issue in Howell v. State , 2019 Ark. 59, 567 S.W.3d 842. We applied the exception to the preservation jurisprudence articulated by the Supreme Court in Hormel v. Helvering , 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941). Id. We noted that the Hormel exception applies when "there have been judicial interpretations of existing law after decision below and pending appeal-interpretations which if applied might have materially altered the result." Id. at 4-5, 567 S.W.3d at 558-59 (quoting Hormel , 312 U.S. at 558-59, 61 S.Ct. 719 ). We accepted the Supreme Court's rationale that rules of practice and procedure are devised to promote the ends of justice, not to defeat them. Furthermore, we note that Williams raised an argument to the circuit court that was nearly identical to the argument that Harris raised in his case. "Stare decisis" is Latin for "to stand by things decided." Black's Law Dictionary 1443 (8th ed. 2004). Under this doctrine, we are obligated to decide a similar issue in a manner consistent with our prior decision. We have likewise applied the broad holding in Harris to other appeals in which Miller defendants have been denied resentencing hearings. See, e.g. , Howell , 2019 Ark. 59, 567 S.W.3d 842 ; Ray v. State , 2019 Ark. 46, 567 S.W.3d 63 ; Segerstrom v. State , 2019 Ark. 36, 566 S.W.3d 466 ; Robinson v. State , 2018 Ark. 353, 563 S.W.3d 530. Accordingly, we reverse and remand this case to the circuit court to conduct a resentencing hearing.
Reversed and remanded.
Wood and Wynne, JJ., concur.
Womack, J., dissents.